UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALICIA CARGILL,

       Petitioner,

                                            Case No. 12-CV-15300

v.

                                            HON. MARK A. GOLDSMITH

MILLICENT WARREN,

       Respondent.

_____/

**OPINION AND ORDER (1) DENYING PETITION FOR WRIT OF HABEAS CORPUS (Dkt. 1), AND (2) DENYING A CERTIFICATE OF APPEALABILITY**

**I.  INTRODUCTION**

Petitioner Alicia Cargill, currently confined at the Huron Valley Correctional Facility in Ypsilanti, Michigan, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Dkt. 1), through her attorney Mark H. Magidson.  Petitioner was convicted of assault with the intent to rob while armed.  Mich. Comp. Laws § 750.89.  For the reasons stated below, the Court denies the petition for writ of habeas corpus.  The Court also denies a certificate of appealability.

**II.  BACKGROUND**

On December 2, 2005, Petitioner pleaded guilty in Monroe County Circuit Court to assault with intent to rob while armed.  See Pet. at 2, 7.  On January 5, 2006, she was sentenced to one year in jail and five years' probation.  Id.  Petitioner subsequently absconded from probation and was convicted of second-degree robbery in Travis County, Texas.  Id. at 9.  Petitioner returned to Michigan and was arrested on a probation violation warrant.  Id. at 7.  Petitioner admitted to violating the terms of her probation by virtue of her Texas conviction.  Id. at 2, 7.  On July 16, 2010, Petitioner's probation was revoked and she was sentenced to 85

months to 20 years of imprisonment.  Id. at 2, 7, 10; 7/16/10 Sentencing Tr. (Dkt. 6-3).

Petitioner filed a motion for resentencing in the trial court on the ground that offense variables ("OV") four and 13 were incorrectly scored.  The trial court denied the motion.  See 2/4/11 Mot. Hr'g Tr. (Dkt. 6-4).

Petitioner then filed a delayed application for leave to appeal in the Michigan Court of Appeals, in which she raised the following claims: (i) when there is no evidence that the victim sustained a serious psychological injury requiring professional treatment, an OV four score of 10 points is incorrectly assigned; and (ii) when defendant's record indicates two juvenile misdemeanor adjudications and two adult felony convictions, including the instant offense, an OV 13 score of 10 points is incorrectly assigned.  People v. Cargill, No. 304789, Order at 12, 14 (cm/ecf pages) (Mich. Ct. App. Aug. 5, 2011) (Dkt. 6-5).  The Michigan Court of Appeals denied leave to appeal "for lack of merit in the grounds presented."  Id. at 1 (cm/ecf page).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court, raising the same claims as those raised in the Michigan Court of Appeals, as well as the following additional claims: (i) she was sentenced to a term that would be at the high end of the guidelines if her offense variables were corrected; and (ii) her attorney at her original sentencing was ineffective for failing to object to the scoring of OV four and 13.  See App. for Leave to Appeal at 3-7 (cm/ecf pages) (Dkt. 6-6).  The Michigan Supreme Court denied leave to appeal because it was "not persuaded that the questions presented should be reviewed by this Court."  People v. Cargill, 806 N.W.2d 744 (Mich. 2011).

Petitioner then filed the pending habeas corpus petition. She raises this claim:

> The Michigan courts erred in allowing Petitioner, Alicia Cargill, to be sentenced utilizing inaccurate, incorrect and incomplete information, thereby depriving defendant of her due process rights

2

>as guaranteed by the Fourteenth Amendment to the United States Constitution."

Pet. at 13.

### III. STANDARD OF REVIEW

Title 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, imposes the following standard of review for habeas cases:

>An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
>>(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>>(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. Williams v. Taylor, 529 U.S. 362, 405-406 (2000). An "unreasonable application" occurs when "a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." Id. at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Id. at 411.

The Supreme Court has explained that a "federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." Miller-El v.

3

Cockrell, 537 U.S. 322, 340 (2003). Thus, the AEDPA "imposes a highly deferential standard for evaluating state-court rulings, and demands that state-court decisions be given the benefit of the doubt." Renico v. Lett, 559 U.S. 766, 773 (2010) (quotation marks and citations omitted). A "state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." Harrington v. Richter, 131 S. Ct. 770, 786 (2011) (quotation marks). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." Id. (citation omitted). Furthermore, pursuant to section 2254(d), "a habeas court must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. Id. Habeas relief is not appropriate unless each ground that supported the state-court's decision is examined and found to be unreasonable under the AEDPA. See Wetzel v. Lambert, 132 S. Ct. 1195, 1199 (2012).

"If this standard is difficult to meet, that is because it was meant to be." Harrington, 131 S. Ct. at 786. Although 28 U.S.C. § 2254(d), as amended by the AEDPA, does not completely bar federal courts from re-litigating claims that have previously been rejected in the state courts, it preserves the authority for a federal court to grant habeas relief only "in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with" the Supreme Court's precedents. Id. Indeed, section 2254(d) "reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." Id. (quotation marks omitted). Thus, a "readiness to attribute error [to a state court] is inconsistent with the presumption that state courts know and

follow the law." Woodford v. Viscotti, 537 U.S. 19, 24 (2002). Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state-court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington, 131 S. Ct. at 786-787.

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. See Williams, 529 U.S. at 412. Section 2254(d) "does not require citation of [Supreme Court] cases — indeed, it does not even require awareness of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." Early v. Packer, 537 U.S. 3, 8 (2002) (emphasis in original). "[W]hile the principles of 'clearly established law' are to be determined solely by resort to Supreme Court rulings, the decisions of lower federal courts may be instructive in assessing the reasonableness of a state court's resolution of an issue." Stewart v. Erwin, 503 F.3d 488, 493 (6th Cir. 2007).

A state court's factual determinations are presumed correct on federal habeas review. See 28 U.S.C. § 2254(e)(1). A habeas petitioner may rebut this presumption only with clear and convincing evidence. Warren v. Smith, 161 F.3d 358, 360-361 (6th Cir. 1998). Moreover, habeas review is "limited to the record that was before the state court." Cullen v. Pinholster, 131 S. Ct. 1388, 1398 (2011).

## IV. ANALYSIS

### A. Merits of Petitioner's Claims

Petitioner's habeas claim focuses on an alleged due-process violation in sentencing.

5

Petitioner claims that her constitutional right to be sentenced on the basis of accurate information was violated by the trial court's scoring of two offense variables ("OV"). First, Petitioner objects to the trial court's scoring of 10 points for OV four for psychological injury to the victim. Second, Petitioner objects to the scoring of 10 points for OV 13 on the basis of a pattern of felonious criminal activity. The Court finds that Petitioner's arguments allege only a disagreement with the application of state law, and Petitioner fails to show that her sentence was based upon inaccurate information.

A sentence violates due process if it is based on "misinformation of constitutional magnitude," Roberts v. United States, 445 U.S. 552, 556 (1980), or "extensively and materially false" information that the defendant had no opportunity to correct. Townsend v. Burke, 334 U.S. 736, 741 (1948). The Sixth Circuit has explained that "Townsend and its progeny are generally viewed as having established a due process requirement that a defendant be afforded the opportunity of rebutting derogatory information demonstrably relied upon by the sentencing judge, when such information can in fact be shown to have been materially false." Stewart, 503 F.3d at 495 (quotation marks omitted).

Petitioner first argues that the trial court erred in scoring 10 points for OV four. OV four allows for the scoring of 10 points if the victim suffered "serious psychological injury requiring professional treatment." Mich. Comp. Laws § 777.34(1)(a). The statute further provides that 10 points should be scored "if the serious psychological injury may require professional treatment. In making this determination, the fact that treatment has not been sought is not conclusive." Mich. Comp. Laws § 777.34(2) (emphasis added).

Petitioner argues that no evidence supported the trial court's conclusion that the victim suffered serious psychological injury. In fact, the trial court relied on the victim impact

6

statement and the circumstances of the crime. The victim stated that during the robbery he feared for his life and continued to fear traveling in the neighborhood near where the robbery occurred. The trial court also noted the trauma inherent in going to someone's house to deliver a pizza and, instead, having a shotgun held to your head. Petitioner does not allege that the trial court relied upon material misinformation. She argues only that there was insufficient evidence to support the trial court's scoring of the offense variable, which falls far short of establishing a due-process violation. In any event, it was not unreasonable for the trial court to conclude that the victim suffered serious psychological injury as a result of being robbed at gunpoint, particularly when, under the express language of the statute, the prosecutor need not show that the victim actually sought psychological treatment.

Second, Petitioner argues that the trial court erred in scoring 10 points for OV 13 because the facts failed to support a finding of three prior felony offenses. Under Michigan law in effect at the time of Petitioner's sentencing, 10 points may be scored for OV 13 if the "offense was part of a pattern of felonious criminal activity involving a combination of 3 or more crimes against a person or property." Mich. Comp. Laws § 777.43(1)(d). Further, "all crimes within a 5-year period, including the sentencing offense, shall be counted regardless of whether the offense resulted in a conviction." Mich. Comp. Laws § 777.43(2)(a). Petitioner acknowledges two prior felonies, but argues that the trial court incorrectly relied on a third felony that was charged but did not result in a conviction. Petitioner was charged with first-degree home invasion, but entered a plea to a misdemeanor offense pursuant to a plea agreement. The trial court, after reviewing the record for that criminal proceeding, concluded that because the charge was originally a felony, and the evidence in the record supported that charge, the offense was properly counted under OV 13 as a felony.

7

Petitioner argues that she did not admit to the conduct and that the court's sentencing findings were not sufficiently supported. Such claims fall short of the sort of egregious circumstances implicating due process because they attack an interpretation of a purely state-law issue. The state-court's rejection of Petitioner's claim was not based on an unreasonable determination of the facts, and was neither contrary to nor an unreasonable application of established Supreme Court precedent. See 28 U.S.C. § 2254(d). Therefore, the Court concludes that Petitioner's claims lack merit and habeas relief is not warranted.

Accordingly, the Court denies the petition for a writ of habeas corpus.

### B. Certificate of Appealability

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. See Slack v. McDaniel, 529 U.S. 473, 484 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327. In applying that standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. Id. at 336-337. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254; Castro v. United States, 310 F.3d 900, 901 (6th Cir. 2002).

Having considered the matter, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right and that reasonable jurists could not debate the correctness of the Court's ruling.  Accordingly, a certificate of appealability is not warranted in this case.

## V.  CONCLUSION

For the reasons set forth above, the Court denies the petition for writ of habeas corpus (Dkt. 1), and declines to issue a certificate of appealability.

SO ORDERED.


Dated: February 27, 2015　　　　　　　　　s/Mark A. Goldsmith
　　　　　Detroit, Michigan　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE


## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 27, 2015.

　　　　　　　　　　　　　　　　　　　　　s/Johnetta M. Curry-Williams
　　　　　　　　　　　　　　　　　　　　　CASE MANAGER